282 F.2d 842
 108 U.S.App.D.C. 359
 James R. HOFFA, Petitioner,
v.
Honorable F. Dickinson LETTS, Judge of the United States
District Court for the District of Columbia, et
al., Respondents, Edwin D. Dorsey et al.
and Harry Bath et al., Intervenors.
John F. ENGLISH et al., International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and Helpers of
America, Petitioners,
v.
Honorable F. Dickinson LETTS, Judge of the United States
District Court for the District of Columbia, et
al., Respondents, Edward D. Dorsey et
al. and Harry Bath et al., Intervenors.
 Nos. 15676, 15679.
 United States Court of Appeals District of Columbia Circuit.
 argued April 22, 1960.
Decided July 21, 1960.
 
 Mr. Jacob Kossman, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. H. Clifford Allder, Washington D.C., was on the pleadings, for petitioner in No. 15676.
 Mr. David Previant, Milwaukee, Wis., with whom Messrs. Edward Bennett Williams and Raymond W. Bergan, Washington, D.C., were on the pleadings, for petitioners in No. 15679.
 Mr. Carl W. Belcher, Asst. U.S. Atty., with whom Messrs. Oliver Gasch, U.S. Atty., and Harry T. Alexander and Arnold T. Aikens, Asst. U.S. Attys., were on the pleadings, for respondent Honorable F. Dickinson Letts.
 Mr. Herbert J. Miller, Jr., Washington, D.C., with whom Messrs. Raymond G. Larroca and Howard P. Willens, Washington, D.C., were on the pleadings, for Board of Monitors.
 Mr. Eugene F. Mullin, Washington, D.C., with whom Mr. J. Parker Connor, Washington, D.C., was on the pleadings, for respondent Smith.
 Mr. Mozart G. Ratner, Washington, D.C., with whom Mr. Warren Woods, Washington, D.C., was on the pleadings, for intervenors Dorsey and others, and Bath and others
 Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 On June 14, 1960, we held in English v. Cunningham, No. 15704, 108 U.S.App.D.C. 359, 282 F.2d 842, that an order of the District Court denying a motion to prevent a hearing on the Interim Report of the Monitors of September 14, 1959,[1] was not the denial of an injunction appealable under 28 U.S.C. 1292 or otherwise appealable. By previous orders of May 17, 1960 we had dismissed as moot the present petitions for writ of mandamus or prohibition,[2] deeming the questions raised, which will presently appear, to be before us for decision in No. 15704. When that appeal was dismissed for lack of jurisdiction we restored the petitions to our docket and granted leave to the parties to make further submissions. This has been done.
 
 
 2
 1. Petitioners contend the Monitors should not be permitted to go to hearing in the District Court on the Interim Report without having complied with the provisions of Judge Letts' Order of December 7, 1959 that upon completion of discovery processes the Monitors were to render a comprehensive report to the court on their findings. A majority of the Board of Monitors now advises this court, 'The Board is considering a proposed written comprehensive report and it is anticipated that such a report will be filed in the District Court in the immediate future.' In view of these representations it is unnecessary to consider further the granting of extraordinary relief to require the making of the comprehensive report.
 
 
 3
 2. Petitioners allege that a court hearing is proposed without previous recommendations having been made by the Monitors with respect to the matters referred to in the Interim Report, with opportunity for the petitioners to comply with such recommendations. It is said this is a departure from our mandate issued in English v. Cunningham, 106 U.S.App.D.C. at pages 75-76, 269 F.2d at pages 522-523. It is true we there said:
 
 
 4
 'The Monitors may make recommendations to the defendants in areas where the defendants have substantive obligations under the consent decree. These recommendations may be in writing if desired. Preferably they should be issued only after consultation and accompanied with efforts to obtain compliance. If the Monitors are advised that defendants fail to comply in any significant respect with their obligations under the consent decree, the Monitors may so report to the court. They are required to report at least semi-annually and of course may do so oftener, for this duty is not to be construed narrowly. The court itself, ater due opportunity for defendants to be heard, may issue orders within the scope of the consent decree, validly modified as hereinafter explained.'
 
 
 5
 But we also said, 106 U.S.App.D.C. at page 78, 269 F.2d at page 525:
 
 
 6
 'in order to clarify the relationship of the court-appointed Monitors to these proceedings, we state again how the Monitors are to function. They may make recommendations, in writing if desired, in those areas where the defendants have substantive obligations under the consent decree as validly modified. If the defendants fail to comply in any significant respect with these obligations, whether or not the subject of a recommendation, the Monitors may report this fact to the court. The court, after affording a hearing to the defendants, may order the defendants to take any necessary action within the scope of its decrees.
 
 
 7
 The foregoing does not require a previous recommendation in every instance before court hearing is held, though the Monitors would be well advised ordinarily to follow the practice of making recommendations as a means of obtaining compliance with the Consent Decree.
 
 
 8
 3. Petitioners also urge as justification for extraordinary relief that the Interim Report was made without the requisite considerations by all members of the Board in compliance with the procedure prescribed by English v. Cunningham, 106 U.S.App.D.C. at page 83, 269 F.2d at page 530, as follows:
 
 
 9
 '* * * the Monitors must use procedures which afford opportunity for all three Monitors to participate. Each has responsibilities as an officer of the court.'
 
 
 10
 It is not necessary at this time to pass upon the soundness of this contention, though it may be helpful to observe (a) there appears to be opportunity now substantially to comply with this procedure through the medium of a comprehensive report, and (b) if action taken by the District Court on the Interim Report should later come before us on appeal, failure of the Monitors to have followed proper procedures can be considered if material to the decision on appeal.
 
 
 11
 4. Petitioners contend that extraordinary relief is required to prevent possible disciplinary action against General President Hoffa, because the matters complained of in the Interim Report were initiated prior to entry of the Consent Decree. We recognize the substantial character of the question whether activity initiated before entry of the Consent Decree, and remedied after the Decree, as claimed, can be the basis for disciplinary action; but we do not think the contention supports extraordinary relief. The problem is partially one of fact and the facts are not fully developed or are not now before this court.
 
 
 12
 5. We come to the question whether a writ of mandamus or other extraordinary relief should be granted in order to prevent further proceedings on the Interim Report on the ground they would be directed toward possible removal of defendant Hoffa as an officer of the Teamsters,[3] said to be beyond the jurisdiction of the court under the Consent Decree. The Monitors disclaim such removal as a necessary objective but not as a possible one;[4] and the response of Judge Letts, filed with this court by the United States Attorney, states:
 
 
 13
 'The jurisdiction of the District Court is not limited to the alternatives of removing or not removing Hoffa as the Union's Provisional President. In the Interim Report the Board of Monitors requested simply that the District Court 'take such * * * action as may be just and equitable in the premises."
 
 
 14
 In our decision in English v. Cunningham, supra, we approved investigations of alleged violation of fiduciary standards by certain union officials (see discussion in English v. Cunningham, supra, of Orders of Recommendation Nos. 12, 16, 17 and 19, 106 U.S.App.D.C. at pages 80-82, 269 F.2d at pages 527-529), but the investigations there approved were to be under the constitution of the union. The Interim Report, on the other hand, appears to contemplate the possibility of disciplinary action by the District Court itself. Such action must be based on provisions in the Consent Decree.[5] The objectives of the Consent Decree are not to be accomplished at large but by carrying out its agreed provisions.[6] These, see our opinion in English v. Cunningham, supra, include the establishment of proper fiduciary standards on the part of officers, but do not in terms include power in the District Court itself to select or remove officers.[7] We refer also to the opinions in De Veau v. Braisted, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109, decided June 6, 1960, which discuss the national labor policy, set forth particularly in sections 1 and 7 of the Labor Act, 29 U.S.C. 151, 157 (1958), 29 U.S.C.A. 151, 157, guaranteeing to members of labor organizations the right to choose their representatives. And see Hill v. State of Florida, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782, and section 2(a) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. 401(a), together with the detailed provisions of the new Act for supervision oflabor organizations.
 
 
 15
 Notwithstnding the substantial character of the questions raised we are of the opinion we may not properly resort to the use of mandamus or other extraordinary relief to prevent a hearing and decision on the Interim Report. The case is clearly distinguishable from La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed. 2d 290. We have felt justified, however, because of the unusual nature of this case, in indicating as above the substantial nature of the questions involved, so that it will be understood that our denial of extraordinary relief does not imply disagreement with the merits of the petitioners' contentions should they arise on direct appeal. We do not anticipate or prejudge the result of proceedings in the District Court, and the result will be subject to the ordinary method of review on appeal.
 
 
 16
 We shall accordingly deny the petitions for extraordinary relief insofar as they seek to prevent proceedings in the District Court on the Interim Report.
 
 
 17
 Aside from the problem of the Interim Report the petitioners, by an amended petition filed by those other than Hoffa, and the intervenors, represent that the purposes of the Consent Decree are not being accomplished due to failure of the Monitors to perform their duties and of the District Court to pass upon certain motions there pending. It is said the Monitors have failed to submit a draft of model local union bylaws, to consult with the General Executive Board of the Teamsters on proposals for constitutional amendments, to dispose of pending complaints, and to clear up the matters of proper accounting procedures and of trusteed locals. We are asked inter alia to issue a rule directed to the District Judge and to the Monitors to show cause why writs of mandamus should not issue directing the District Judge to authorize the immediate calling of a convention or, in the alternative, to hear and determine the motion pending in the District Court, particularly a 'Motion for a Convention' for the election of officers under District Court supervision, and to require the Monitors to hold meetings, dispose of their business and in general perform their obligations under the Consent Decree.
 
 
 18
 The Consent Decree was signed January 31, 1958. As agreed to it contemplated a new convention at any time after the expiration of one year when the General Executive Board should resolve to call such convention and hold an election. Yet the time was extended, see English v. Cunningham, supra, to afford greater opportunity to establish conditions conducive to new elections in accord with membership rights under the Teamsters' constitution. Our decision approving this modification was rendered June 10, 1959. We enumerated the responsibilities of the Monitors and the obligations of the defendants. Another year has passed and it now appears that 'the desirability of early transition from court supervision to normal organzational management,' see 106 U.S.A.pp.D.C. at page 77, 269 F.2d at page 524, is not being realized, and the costs of the administration of the Consent Decree, agreed by defendants to be borne by the Teamsters' treasury, is an extremely heavy burden.
 
 
 19
 Chairman O'Donoghue and Monitor Smith on July 1, 1960, filed their Opposition to the amended petition referred to. They state that authorization of a new convention is dependent upon proof by defendants of compliance in all substantial respects with their own unfulfilled obligations under the Consent Degree and the judgment of this court of July 9, 1959, entered upon our decision of June 10, 1959. It is not clear to us that a new convention must await compliance with all defendants' obligations under the Consent Decree and of our said judgment; that is, that all those obligations necessarily relate to the ability of the membership to elect their officers with reasonable assurance such election would accord with their rights under the Teamsters' constitution. Our doubts are increased in view of the fact the election may be held under District Court suprevision and its validity tested under the provisions of the Labor-Management Reporting and Disclosure Act of 1959. We note that in his representations to the Supreme Court in opposition to the petition for writ of certiorari to review our decision in English v. Cunningham, supra, the Chairman of the Board of Monitors then recognized the 'non-election' character of some of the obligations assumed by defendants under the Consent Decree.
 
 
 20
 The Opposition of Chairman O'Donoghure and Monitor Smith, however, indicates substantial progress is being made with respect to compliance, particularly in recent weeks. The Opposition states,
 
 
 21
 'work on the by-laws has so progressed in the past several weeks that the Board of Monitors is currently studying a set of by-laws which it hopes to adopt formally next week.'
 
 
 22
 It is also stated that there has recently been a meeting of the Board of Monitors with Judge Letts to discuss many matters facing the Board, as well as planned resumption of Monitor meetings, followed by regular meetings of the Monitors, including a meeting with the General Executive Board of the Teamsters on June 29, 1960. At this meeting, the Opposition states, the Teamsters adopted the Good Standing Membership Record Keeping System. The Opposition assures this court that the Monitors intend to make maximum effort to terminate the Monitorship as promptly as possible consistent with the objectives of the Consent Decree as interpreted by this court, which we assume includes settlement of proper financial and accounting procedures, and the matter of trusteed locals.
 
 
 23
 In some respects the Opposition expresses considerable dissatisfaction with compliance on the part of defendants, mentioning in this connection, inter alia, the Brennan, Feldman and Local 107 matters. Under date of July 6, 1960, the petitioners filed a Reply to the Opposition of Chairman O'Donoghue and Monitor Smith outlining, in what seems to us impressive detail, the steps taken by defendants to meet their obligations under the Consent Decree and under our judgment of July 9, 1959. They again urge that the unfinished matters are in any event peripheral to the question of a convention and that they are not responsible for the status of unresolved problems, casting the blame upon the Monitors and the District Court.
 
 
 24
 We are not in position on the papers before us to decide that a convention should now be held. In view of the unusual nature of this case and the protracted and controversial character it has assumed, it might become appropriate for this court, in aid of determining whether extraordinary remedies should be adopted by us, to devise means to reach a decision, perhaps with the aid of a master, as to whether or not the time has come when the large number of individuals who hold membership in the Teamsters are entitled to a convention and election of their officers, especially in light of the passage, since this litigation began, of the Labor-Management Reporting and Disclosure Act of 1959; for though we assume that the 1959 Act does not supersede the Consent Decree there can be no doubt the Act is an important portant factor now in accomplishing the basic objective of the Consent Decree, namely, 'to bring about a situation in which new elections of a de jure and non-provisional character could be held, consistently with the legal rights of plaintiffs and those for whom they act.' 106 U.S.App.D.C. at pages 76-77, 269 F.2d at pages 523-524.
 
 
 25
 Concerned as we are by the litigious, costly and time-consuming character the case has assumed we are nevertheless reluctant to use unusual means to ascertain the basic factual situation upon which the call for a convention might turn, or to interpose now the issuance of a writ of mandamus or prohibition as requested. We believe, however, that the thime is ripe for all parties, Monitors, plaintiffs and defendants, and their respective counsel, to consult in an earnest effort to reach an agreed disposition of pending matters, whether before the Monitors or the District Court, especially those which have to do with preparing the way for a new convention and election, court supervised and subject to the provisions of the Act of 1959, so that if there are to be further proceedings on the Interim Report these other matters may be advanced concurrently to a solution.
 
 
 26
 In conclusion, upon consideration of all submissions now before us, whether or not specifically mentioned, in respect of the request that we use extraordinary process to control at this time the call of a convention or to control the hearing of matters pending in the District Court or the conduct of the Board of Monitors, the relief prayed is denied. We shall retain jurisdiction of the petitions, however, except insofar as the Interim Report of September 14, 1959, is involved. As to that Interim Report final disposition of the petitions before us is made by our denial of the relief sought. Our retention of jurisdiction of other aspects of the petition of other aspects authority and jurisdiction in the District Court to proceed as it may be advised in respect of any matter there pending.
 
 
 27
 It is so ordered.
 
 
 28
 WILBUR K. MILLER, Circuit Judge, concurs in the result.
 
 
 
 [1]
 Hereinafter referred to as the Interim Report
 
 
 [2]
 The petitions were filed in this court by the defendants to the original action in the District Court which led to the Consent Decree of January 31, 1958. See English v. Cunningham, 106 U.S.App.D.C. 70, 269 F.2d 517, certiorari denied, 361 U.S. 897, 905, 80 S.Ct. 187, 4 L.Ed.2d 153, 181
 
 
 [3]
 We adhere to the use of the term Teamsters as adopted in English v. Cunningham, supra
 
 
 [4]
 The Interim Report filed september 14, 1959, concluded with the following: '* * * and in the event the court finds that the decree has been violated, that the court take such action as may be warranted, including without limitation, removal of defendant Hoffa from office as Provisional General President * * *.'
 
 
 [5]
 We are not concerned now with whatever power the District Court possesses in contempt proceedings
 
 
 [6]
 An exception is where there is a valid modification without consent, as approved in English v. Cunningham, supra, with respect to the time for a new convention
 
 
 [7]
 See note 5, supra